## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.05-14295-CIV-MARRA

REBECCA CARMODY, and
ALL OTHERS SIMILARLY SITUATED,

     Plaintiffs

vs.

FLORIDA CENTER FOR RECOVERY, INC.,
a Florida corporation

     Defendant.

_____/

FILED by _____ D.C.
INTAKE
JUL 17 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD

### <u>NOTICE OF SERVICE</u>

COMES NOW Plaintiffs, REBECCA CARMODY, and ALL OTHERS SIMILARLY

SITUATED, by and through their undersigned counsel and file their Notice of Service along with

the attached Motion to Permit Court Supervised Notice Advising Similarly Situated Individuals of

Their Opt-In Rights Pursuant to 29 U.S.C. s. 261(b) and Incorporated Memorandum of Law,

along with Exhibits and Proposed Order.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail to

David Lamos, Esq., 805 Delaware Avenue, Fort Pierce, FL 34950, on this 14th day of July, 2006.

LEWIS, MORTELL & LEWIS, P.A.
Attorneys for Plaintiffs
1115 East Ocean Boulevard
Stuart, Florida 34996
(772) 286-7861
(772) 288-2013 Facsimile

BY _____
LEE J. BAGGETT, ESQUIRE
Florida Bar No. 0467189

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.05-14295-CIV-MARRA

REBECCA CARMODY, and
ALL OTHERS SIMILARLY SITUATED,

      Plaintiffs

vs.

FLORIDA CENTER FOR RECOVERY, INC.,
a Florida corporation

      Defendant.

_____/

### NOTICE OF SERVICE

COMES NOW Plaintiffs, REBECCA CARMODY, and ALL OTHERS SIMILARLY

SITUATED, by and through their undersigned counsel and file their Notice of Service along with

the attached Motion to Permit Court Supervised Notice Advising Similarly Situated Individuals of

Their Opt-In Rights Pursuant to 29 U.S.C. s. 261(b) and Incorporated Memorandum of Law,

along with Exhibits and Proposed Order.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail to

David Lamos, Esq., 805 Delaware Avenue, Fort Pierce, FL 34950, on this 14th day of July, 2006.

                    **LEWIS, MORTELL & LEWIS, P.A.**
                    Attorneys for Plaintiffs
                    1115 East Ocean Boulevard
                    Stuart, Florida 34996
                    (772) 286-7861
                    (772) 288-2013 Facsimile

                    BY _____

                      **LEE J. BAGGETT, ESQUIRE**
                      Florida Bar No. 0467189

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.05-14295-CIV-MARRA

REBECCA CARMODY, and
ALL OTHERS SIMILARLY SITUATED,

       Plaintiffs

vs.

FLORIDA CENTER FOR RECOVERY, INC.,
a Florida corporation

       Defendant.

_____/

## PLAINTIFF'S MOTION TO PERMIT COURT SUPERVISED
## NOTICE ADVISING SIMILARLY SITUATED INDIVIDUALS
## OF THEIR OPT-IN RIGHTS PURSUANT TO 29 U.S.C. § 216(b)
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, REBECCA CARMODY, (hereafter "CARMODY"), by and through counsel, and

on behalf of all others similarly situated, hereby files this Motion to Permit Court Supervised Notice

Advising Similarly Situated Individuals of Their Opt-in Rights Pursuant to 29 U.S.C. § 216(b), and

state as follows:

## INTRODUCTION

This is an action seeking recovery of unpaid overtime compensation pursuant to the Fair

Labor Standards Act (FLSA). It was initiated by CARMODY, who was employed as a non-exempt

employee of Defendant FLORIDA CENTER FOR RECOVERY, INC., a medical detox facility, in

providing services to patients. CARMODY worked for the Defendant from on or about November

22, 2003 until on or about August 16, 2005. CARMODY was paid an hourly wage and was

classified by the Defendant as a non-exempt employee under the FLSA. Nonetheless, she was denied

overtime compensation as a result of the Defendant's practices of failing to pay time and a half for

all overtime hours worked in a work week including but not limited to paying employees for a "lunch break," regardless of whether a break was actually taken.

As is set forth below, CARMODY has made a threshold showing that similarly situated individuals exist who may wish to join this action to recover unpaid overtime compensation due under the FLSA. Therefore, she seeks leave to send these individuals a Court-approved notice to advising them of their right under 29 U.S.C. § 216 to join this action as "opt-in" plaintiffs.

Counsel for Plaintiff has conferred with counsel for Defendant, who represents that he feels the motion is appropriate, but has asked us to defer on the motion. [1]

## **MEMORANDUM OF LAW**

### **I.      The FLSA Collective Action**

CARMODY has brought this action as a collective action under the FLSA. This type of action is authorized by the Section 216(b) of the FLSA, which provides:

> An action [to recover unpaid minimum wages or overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

(emphasis added). While a collective action proceeding is similar to a class action brought under Rule 23 of the Federal Rules of Civil Procedure, it differs in that, while a class action binds all class members who do not "opt-out," a collective action brought under the FLSA binds only those employees who affirmatively "opt-in" as plaintiffs. The "opt-in" requirement is also borne out of Section 216(b) of the FLSA, which provides that "no employee shall become a party plaintiff to any

---

[1] Counsel for Defendant has caused numerous delays in this case so far, albeit we believe unintentional. This case was filed back in September of 2005, and we are still struggling to receive Discovery from the Defendant. Counsel for the Plaintiff has decided to go ahead and file this motion based on the notion that further delays will cause potential plaintiffs to lose time on their claims since the FLSA has a tolling statute of limitations.

such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

The United States Supreme Court addressed the district courts role in managing a collective action in Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 110 S.Ct. 482 (1989).[2]  There, the Supreme Court held that the district courts have the discretion to authorize plaintiffs to send court-supervised notice to similarly situated employees at any time of the action, stating:

> Section 216(b)'s affirmative provision for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure.

493 U.S at 170; see, also, Dybach v. State of Florida, Department of Corrections, 942 F.2d 1562 (11th Cir. 1991) (confirming courts' authority to permit opt-in notices to be sent to prospective plaintiffs in FLSA action).

The Eleventh Circuit, joining the Fifth and Ninth Circuits, has adopted a two-tiered approach to certifying collective actions under the FLSA. See, Hipp v. Liberty National Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001) (describing the two-tiered approach as "an effective tool for district courts to use in managing" collective action and recommending that the this approach be adopted by the district courts). In the first tier of this approach (the "notice stage"), the district court makes an initial determination, based upon the pleadings and evidence submitted by the plaintiff, whether notice should be sent to potential plaintiffs. Id. at 1218. The second tier, which takes place after notice has been sent and potential plaintiffs wishing to join the action have expressed their desire to "opt-in," involves a fact specific determination of whether the original and opt-in plaintiffs are truly similarly

---

[2] The Sperling case involved claims brought under the Age Discrimination in Employment Act (ADEA). However, because the ADEA adopts the collective action provisions of the FLSA, this decision is applicable to FLSA collective actions.

situated.  Id.

The instant Motion implicates the first-tier of the analysis only, as CARMODY at this stage is only seeking leave to send notice to potential plaintiffs who are similarly situated advising them of their right to opt-in to this action.  At this stage, Plaintiff's burden is "not a heavy one."  Grayson v. Kmart Corporation, 79 F.3d 1996 (11th Cir. 1996); see also Mooney, et al. v. Aramco Services Co., 54 F.3d 1207 (5th Cir. 1995) (the determination "is made using a fairly lenient standard, and typically results" in permission to send notice); Bell v. Mynt Entertainment, LLC, 223 F.R.D. 680, 683 (S.D.Fla. 2004) (plaintiffs meet their burden by making substantial allegations supported by affidavits which successfully engage defendant's affidavits to the contrary, and demonstrate the existence of similarly situated employees who may desire to opt in to the action); Garner v. G.D. Pharmaceuticals & Company, 802 F.Supp. 418, 422 (M.D.Ala. 1991), citing Sperling, 493 U.S 165 ("to impose a strict standard of proof on the plaintiffs at this stage would unnecessarily hinder the development of collective actions and would undermine the 'broad remedial goals' of the FLSA").  CARMODY need only show that there are similarly situated individuals who, if given notice, may wish to join the action as party plaintiffs.  Dybach, 942 F.2d at 1567.

To accomplish this, Plaintiffs need only show that the individuals to whom notice would be sent had similar job requirements and were subject to similar pay provisions.  Dybach, 942 F.2d at 1568; see, also, Glass, 778 F.Supp. at 1081 (collective action may be authorized upon showing that employees were subjected to a single decision, policy or plan that resulted in a common violation of the FLSA).  However, in making this showing, the Plaintiffs need not show "strict symmetry" or "absolute identity" between them and the potential opt-in plaintiffs, but rather need only show that the proposed notice recipients are "sufficiently similar."  See, e.g., Glass v. IDS Financial Services, Inc., 778 F.Supp 1029, 1081 (D.Minn. 1991); Haegney v. European American Bank, 122 F.R.D. 125,

127 (E.D.N.Y. 1988); <u>Riojas v. Seal Produce, Inc.</u>, 82 F.R.D. 613, 616 (S.D.Tex. 1979).

Allegations of a FLSA violation arising from a policy or practice of the defendant may also provide the basis for a collective action. For example, in <u>Church v. Consolidated Freightways, Inc.</u>, 137 F.R.D. 294 (N.D. Cal. 1991), the court held that a single decision, policy or plan was sufficient for all employees to constitute a Section 216(b) class. <u>Church</u>, 137 F.R.D. at 306. The court noted that the strict class requirements of Rule 23 were not necessary in a Section 216(b) action. <u>Id.</u> The court held:

> a class claim is not defeated simply because the proposed class performed a variety of *different jobs* at *different locations, reported to different supervisors* or left employment for different reasons than the named plaintiffs. What governs the scope of the class is whether the named plaintiffs and their class members were all affected by a similar plan infected by discrimination. *The plaintiffs need not be identically situated to potential class members.*

<u>Id.</u> at 308 (emphasis added). Furthermore, the fact that many employees who elect to "opt-in" to this action may have a different: (i) weekly rate of pay; (ii) work location; or (iii) number of uncompensated hours, does not in any way affect the similarity of their positions. <u>Church v. Consolidated Freightways, Inc.</u>, 137 F.R.D. at 308.

## II.   <u>Evidence Of Similarly-Situated Employees And Proposed Scope Of Collective Action</u>

At the "Notice Stage" of a collective action, the Court should consider the pleadings and affidavits on record to determine whether there are substantial allegations of a class of similarly situated employees. <u>See, e.g.</u>, <u>Pendlebury v. Starbucks Coffee Company</u>, 2005 WL 84500, 10 Wage & Hour Cases.2d (BNA) 401, 18 Fla. L. Weekly Fed. D 379 (S.D.Fla. 2005). Typically, affidavits describing a uniform policy or practice of failing to pay non-exempt individuals in accordance with the FLSA, and asserting that similarly situated individuals may wish to join this action if given the opportunity, is sufficient to meet this burden. <u>Id.</u> at *3; <u>see, also</u>, <u>Bell v. Mynt Entertainment, LLC</u>,

223 F.R.D. 680, 683 (S.D.Fla. 2004) (affidavits of original plaintiffs stating that other similarly situated employees "were unhappy" and "would be interested in joining" the action provided "reasonable basis" for collective action to proceed); Tucker v. Labor Leasing, Inc., 872 F.Supp. 941, 947-48 (M.D.Fla. 1994) (filing of consents by other employees sufficient to show that similarly situated individuals wished to join action); White v. Osmose, Inc., 204 F.Supp.2d 1309, 1316 (M.D.Ala. 2002) (affidavits from three individuals expressing desire to join action sufficient to warrant opt-in notice to class).

Here, CARMODY submits affidavits from herself and two additional former non-exempt employees of the Defendant describing Defendant's failure to record and pay time and one-half for all overtime hours that the employees were required and/or permitted to suffer to work. See Affidavit of CARMODY, Exhibit A; see also Affidavit of Rebecca Hartley, Exhibit B; see also Affidavit of Patricia Scagnoli, Exhibit C, respectively, attached hereto. CARMODY states in her affidavit that she believes there is an intimidation factor and that additional non-exempt employees would be more apt to join this suit under the Court supervised notice. See Exhibit A. This belief is further supported by Rebecca Hartley who described that she along with other current employees have a concern of the Defendant retaliating against employees for seeking unpaid overtime compensation. See Exhibit B. In addition, Rebecca Hartley, Patricia Scagnoli and Arthur Collins have each filed a Consent to Become Party Plaintiff Form with the Court. These opt-in plaintiffs further testified that they believe that there are additional non-exempt employees who were subjected to similar pay practices and who would wish to join this suit if given the opportunity. See Exhibits A, B, and C. Furthermore, other former non-exempt employees of the Defendant have filed overtime suits against the Defendant pursuant to the FLSA within the last few years. See Mary Miller et. al. v. Florida Center for Recovery, Inc., case no. 04-14327-MARRA/LYNCH; see also Barbara Reddy, et al v. Florida Center

for Recovery, Inc., case no. 04-14328-MOORE.  Lastly, CARMODY has provided evidence that the Defendant has a policy(s) which directly affects its non-exempt employees by automatically deducting 30 minutes for meal periods regardless of whether the employees are fully relieved of their duties and by failing to pay time and one-half for all hours over forty per work week.  See Exhibits A, B and C.  Therefore, CARMODY has met her burden in the first tier that there are additional similarly situated individuals who may opt in to the action.

The affidavits and filed Consent Forms provide a sufficient basis to permit CARMODY to send notice to all non-exempt employees employed by the Defendant during the period commencing three-years (the maximum time period for an FLSA claim) prior to the filing of this action until the present.

## CONCLUSION

For the foregoing reasons, CARMODY respectfully requests that this Court enter an Order:

1.  Granting CARMODY leave to send Court supervised notice (a proposed form is attached hereto as Exhibit "D"), to all non-exempt employees employed during the period commencing three years prior to the filing of this action until the present;

2.  Directing the Defendant to produce a list of all individuals who have been non-exempt employees employed during the period commencing three years prior to the filing of this action until the present which contains the most recent known mailing address for each individual; and

3.  Any other relief that the Court deems appropriate.

Date: 14th day of July, 2006

Respectfully submitted,

Lee J. Baggett, Esquire
Florida Bar No. 0467189
LEWIS, MORTELL & LEWIS, P.A.
1115 East Ocean Boulevard
Stuart, Florida  34996
Telephone: (772) 286-7861
Facsimile: (772) 288-2013
Email: LEEBAGG@aol.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.05-14295-CIV-MARRA

REBECCA CARMODY, and
ALL OTHERS SIMILARLY SITUATED,

       Plaintiffs

vs.

FLORIDA CENTER FOR RECOVERY, INC.,
a Florida corporation

       Defendant.

_____/

**AFFIDAVIT OF REBECCA CARMODY**

STATE OF FLORIDA      )
                       ) SS:
COUNTY OF MARTIN     )

BEFORE ME, the undersigned authority, on this date personally appeared REBECCA

CARMODY who, after being duly sworn deposes and says:

1.      My name is Rebecca Carmody, and I am the named Plaintiff in this action.  I have personal

         knowledge of the facts recited in this affidavit.

2.      I was a non-exempt employee for Recovery of Florida, Inc. (FCFR), a medical Detox

         Facility, providing services to patients.  I worked for FCFR from on or about

         November 22, 2003 until on or about August 16, 2005.

3.      FCFR paid me on an hourly basis (i.e. $17.00/hour) and FCFR kept track of my hours

         through a time clock.

4.      During my employment, my job duties included but were not limited to the following: (a)

1

assisting the doctor in providing care for patients; (b) administering medicines; ( c) checking vital signs for patients; (d) laundering linens for patients; (e) making beds; (f) mopping floors; (g) answering telephone as a receptionist; (h) maintaining the office equipment and supplies; and (I)ensuring the security in the evenings of the facility.

5.    It was FCFR's policy to deduct 30 minutes for lunch breaks regardless of whether the employee(s) was fully relieved for 30 minutes during their lunch break.

6.    Generally, FCFR's policy was to not record working time over 40 hours per work week for its hourly employees, however, with some very limited exceptions.  Therefore, FCFR did not pay those hourly employees time and one-half for all hours worked over 40 per work week.  I recall many hourly employees complaining about being docked hours from their paychecks.

7.    During my employment with FCFR, I generally worked more than 40 hours per work week, however, I was not paid all of my overtime hours as well.

8.    FCFR threatened my employment when I spoke up about FCFR's shortages on my paychecks, and I believe that other hourly employees have been threatened as well.

9.    I believe that there are other individuals who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit.  I believe there are many others who worked in excess of their actual paid hours with Defendant and those employees would be more apt to file a claim for overtime under the Court's supervision.

2

*Rebecca Carmody*

———————————————
Rebecca Carmody

SWORN TO AND SUBSCRIBED before me this _7_ day of _July_, 2006, by Rebecca Carmody, who is personally known to me, or who produced _____ as identification, and who did take an oath.

*D Cottrell*

———————————————
Notary Public
My Commission Expires

D COTTRELL
Comm# DD0374729
Expires 11/28/2008
Bonded thru (800)432-4254
Florida Notary Assn. Inc.

———————————————
Acknowledger's Name Stamped
Typed or Printed

3

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.05-14295-CIV-MARRA/LYNCH

REBECCA CARMODY, and
ALL OTHERS SIMILARLY SITUATED,

      Plaintiffs

vs.

FLORIDA CENTER FOR RECOVERY, INC.,
a Florida corporation

      Defendant.

_____/

### AFFIDAVIT OF REBECCA HARTLEY

STATE OF FLORIDA      )
                     ) SS:
COUNTY OF MARTIN    )

      BEFORE ME, the undersigned authority, on this date personally appeared REBECCA

HARTLEY who, after being duly sworn deposes and says:

1.     My name is Rebecca Hartley.  I have personal knowledge of the facts recited in this

   affidavit.

2.     On or about July 25, 2005, I started my employment with Florida Center for Recovery of

   Florida, Inc. (FCFR) as a non-exempt employee in its Fort Pierce, Saint Lucie County,

   Florida Location.

3.     During my employment, FCFR classified my position as an hourly employee. Throughout

   my employment, FCFR kept track of my working hours via a time clock.

4.     During my employment, my job duties included the following: (a) answering telephone

1

calls for potential clients; (b) assisting clients with travel plans to the facility; and ( c) filling out paperwork with regards to intake information on clients.

5.      It was FCFR's policy to deduct 30 minutes for lunch breaks regardless of whether the employee(s) was fully relieved for 30 minutes during their lunch break.

6.      During my employment with FCFR, I generally worked more than 40 hours per work week, however, I was not paid all of my overtime hours as well.

7.      I believe that there are many other employees who have been shorted their overtime hours as well.  I recall many employees complaining about such, however, they feared to complain to the Department of Labor over fear of losing their employment at FCFR.

8.      Although I fear that FCFR may retaliate against me, I wish to opt in to this lawsuit.  I believe that there are other individuals who would desire to opt-in to this lawsuit if they were provided Court-Supervised notice of this lawsuit.

**Intentionally Left Blank**

Rebecca Hartley

SWORN TO AND SUBSCRIBED before me this _13_ day of _July_ 2006, by Rebecca

Hartley, who is personally known to me, or who produced _____ as identification,

and who did take an oath.

Notary Public
My Commission Expires:

_____
Acknowledger's Name Stamped
Typed or Print

S. COTTRELL
Comm# DD0374729
Expires 11/28/2008
Bonded thru (800)432-4254
Florida Notary Assn. Inc.

3

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.05-14295-CIV-MARRA

REBECCA CARMODY, and
ALL OTHERS SIMILARLY SITUATED,

       Plaintiffs

vs.

FLORIDA CENTER FOR RECOVERY, INC.,
a Florida corporation

       Defendant.

_____/

### AFFIDAVIT OF PATRICIA SCAGNOLI

STATE OF FLORIDA      )
                     ) SS:
COUNTY OF MARTIN    )

BEFORE ME, the undersigned authority, on this date personally appeared PATRICIA

SCAGNOLI who, after being duly sworn deposes and says:

1.    My name is Patricia Scagnoli.  I have personal knowledge of the facts recited in this

       affidavit.

2.    On or about August1, 2004, I started my employment with Florida Center for Recovery of

       Florida, Inc. (FCFR) as a non-exempt employee in its Fort Pierce, Saint Lucie County,

       Florida Location.

3.    At the beginning of my employment, FCFR classified my position as hourly, and in or

       about February of 2005, classified my position as a salaried employee, but continued

       to make deductions from time to time.  Throughout my employment, FCFR kept track

1

of my working hours via a time clock.

4.    During my employment, my job duties included but were not limited to the following: (a) assisting the doctor in providing care for patients; (b) administering medicines; ( c) checking vital signs for patients; (d) laundering linens for patients; (e) making beds; (f) mopping floors; (g) answering telephone as a receptionist; (h) maintaining the office equipment and supplies.

5.    It was FCFR's policy to deduct 30 minutes for lunch breaks regardless of whether the employee(s) was fully relieved for 30 minutes during their lunch break.

6.    Generally, FCFR's policy was to not record working time over 40 hours per work week for several non-exempt employees with limited exceptions.  Therefore, FCFR did not pay those non-exempt employees time and one-half for all hours worked over 40 per work week.

7.    During my employment with FCFR, I generally worked more than 40 hours per work week, however, I was not paid all of my overtime hours as well.

8.    I wish to opt in to this lawsuit and I believe that there are other individuals who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit.  I believe there are many others who worked in excess of their actual paid hours with Defendant.

2

_Patricia Scagnoli_

Patricia Scagnoli

SWORN TO AND SUBSCRIBED before me this 23 day of _May_ 2006, by Patricia Scagnoli, who is personally known to me, or who produced _____ as identification, and who did take an oath.

_S. Cottrell_

Notary Public
My Commission Expires:

_____
Acknowledger's Name Stamped
Typed or Printed

D  COTTRELL
Comm# DD0374729
Expires 11/28/2008
Bonded thru (800)432-4251
Florida Notary Assn  Inc

3

# EXHIBIT D

# NOTIFICATION TO POTENTIAL CLASS MEMBERS

**TO:**   **All non-exempt employees employed by Florida Center for Recovery, Inc., from September 2002 through the present.**

**RE:**   **RIGHT TO OPT-IN TO LAWSUIT TO RECOVER UNPAID OVERTIME COMPENSATION PURSUANT TO FAIR LABOR STANDARDS ACT**

**DATE: _____ day of _____, 2006**

## INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit brought pursuant to the Fair Labor Standards Act (FLSA) in which you potentially are "similarly situated" to the Representative Plaintiffs, to advise you of how your rights under the FLSA may be affected by the lawsuit, and to instruct you on the procedure for participating in this lawsuit should you choose to do so.

## DESCRIPTION OF LAWSUIT

On or about September 19, 2005, Rebecca Carmody (hereafter "The Representative Plaintiff) filed a lawsuit against Defendant Florida center for Recovery, Inc., pursuant to the FLSA.   The Representative Plaintiff's attorney in this action is Lee J. Baggett, Esq., Lewis, Mortell & Lewis, P.A., 1115 East Ocean Boulevard, Stuart, Florida 34996.   Arthur Collins, Rebecca Hartley and Patricia Scagnoli (hereafter "Party Plaintiffs") have filed consents to become Party Plaintiffs.

The Representative Plaintiff and Party Plaintiffs allege that they were not paid one and one-half times their regular rate for all overtime hours (hours in excess of forty per workweek) as is required by the Fair Labor Standards Act ("FLSA").

## COMPOSITION OF THE CLASS

The Named Plaintiff and Party Plaintiffs are suing on behalf of themselves and also on behalf of all others who are or were "similarly situated," defined as:  All non-exempt employees employed by Florida Center for Recovery, Inc., from September 2002 through the present.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may opt-in and join this lawsuit by mailing one copy of the enclosed "Consent to Become Party Plaintiff" form to the District Court in the enclosed posted envelope addressed to the Clerk of Court, United States District Court, Southern District of Florida, 299 East Broward Boulevard, Fort Lauderdale, Florida 33001.

The second copy of the Consent form should be sent to Plaintiffs' counsel Lee J. Baggett, Esq., Lewis, Mortell & Lewis, P.A., 1115 East Ocean Boulevard, Stuart, Florida 34996.

## DEADLINE TO JOIN LAWSUIT

If you fail to return the Consent form to the District Court by _____, 200\_\_, **[60 days from date Notice is sent]** you will not be able to participate in this lawsuit.

## EFFECT OF JOINING LAWSUIT

If you choose to join in this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable.  You will also be bound by and will receive their proportional  share of any

2

settlement reached by the Representative Plaintiff on behalf of the class. While this suit is proceeding, you may be required to respond to written questions, sit for depositions and/or testify in court.

The attorneys for the class are being paid on a contingency fee basis, which means if there is no recovery, there will be no attorney's fees chargeable to you. If there is a recovery or settlement, the attorneys will receive a part of the total recovery. By joining the lawsuit, you designate the Representative Plaintiff as your agent to make decisions on your behalf concerning this litigation, the method and manner of conducting this litigation, the entering into of an agreement with Plaintiffs' counsel regarding attorney's fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the Representative Plaintiff will be binding on you if you join this lawsuit.

If you choose not to join this lawsuit, you will not be affected by any judgment rendered or settlement reached in this case, whether favorable or unfavorable. You will not be entitled to share any amounts recovered by the class, but you will be free to file your own lawsuit.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join in the lawsuit, your interests will be represented by the Representative Plaintiff through their attorney, Lee J. Baggett, Esq., as counsel for the class.

## RETALIATION NOT PERMITTED

Federal law prohibits Defendant from discharging, discriminating or retaliating against you in any way for taking part in this lawsuit. If you believe that you have been penalized, discriminated against or disciplined in any way as a result of your receipt of this Notice, consideration of whether

3

to join the lawsuit, or opting-in to the lawsuit, you should contact Plaintiffs' counsel or the Clerk of the Court immediately.

**<u>FURTHER INFORMATION</u>**

Further information about the lawsuit, this Notice, or the deadline for filing your consent may be obtained by writing counsel for the class at the addresses listed above or by calling Lee J. Baggett, Esq., at (772) 286-7861.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT.  THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIM OR THE DEFENDANT'S DEFENSES.**

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.05-14295-CIV-MARRA

REBECCA CARMODY, and
ALL OTHERS SIMILARLY SITUATED,

      Plaintiffs

vs.

FLORIDA CENTER FOR RECOVERY, INC.,
a Florida corporation

      Defendant.

_____/

### ORDER PLAINTIFF'S MOTION TO PERMIT COURT SUPERVISED NOTICE ADVISING SIMILARLY SITUATED INDIVIDUALS OF THEIR OPT-IN RIGHTS PURSUANT TO 29 U.S.C. § 216(b)

THIS CAUSE is before the Court upon Plaintiffs' Motion to Permit Court Supervised

Notice Advising Similarly Situated Individuals of Their Opt-In Rights Pursuant to 29 USC s.

216(b), filed herein on July 7, 2006.  The Court has carefully considered the record and being

otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that:

_____

_____

_____

      DONE AND ORDERED in chambers at Fort Pierce, Saint Lucie County, Florida, this

_____day of _____, 2006.

                                  _____
                                    United States District Court Judge

Copies to:
Lee J. Baggett, Esq.
David Lamos, Esq.