UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14295-CIV-MARRA/SELTZER

REBECCA CARMODY, and
ALL OTHERS SIMILARLY SITUATED,

    Plaintiffs

vs.

FLORIDA CENTER FOR RECOVERY,
INC., a Florida corporation.

    Defendant.
_____/

## ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO PERMIT COURT SUPERVISED NOTICE ADVISING SIMILARLY SITUATED INDIVIDUALS OF THEIR OPT-IN RIGHTS

This Cause is before the Court upon Plaintiffs' Motion to Permit Court Supervised Notice Advising Similarly Situated Individuals of Their Opt-In Rights Pursuant to 29 U.S.C. § 216(b) filed on July, 14, 2006 [DE 21]. On August 21, 2006, Defendant filed its Response [DE 29] to the motion. On August 31, 2006, Plaintiffs filed a Reply [DE 32] in support of the motion. The Court has considered the motion, the response, the reply, the declarations and affidavit submitted, the entire court file, and is otherwise advised in the premises. The matter is now ripe for review.

**I.    Background**

On September 16, 2005, Plaintiff Rebecca Carmody, on behalf of herself and others similarly situated, filed a Complaint against Florida Center for Recovery, Inc. ("Center") asserting a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §216 ("FLSA")(DE 1). The similarly situated Plaintiffs are other persons who worked for Center since November 22, 2003 and who allegedly

suffered the same payment practices detailed below, ultimately culminating in a denial of overtime compensation. (Compl. ¶ 4.) Defendant Center is a Florida corporation in St. Lucie, Florida, a medical detox facility, providing treatment and care for patients. (Compl. ¶ 6.)

According to the allegations of the complaint, Plaintiff was employed by Defendant as a registered nurse at Center. (Compl. ¶ 8.) Plaintiff, and those similarly situated, worked in excess of forty (40) hours per week and Center has failed to pay Plaintiff and those similarly situated overtime compensation as required by the FLSA. (Compl. ¶ 11.) Specifically, Defendant's automatically credited Plaintiff with forty (40) hours of work per week, regardless of the number of hours actually worked; Defendant failed to pay time and one-half for all time worked over the forty hours; and Defendant automatically deducted thirty (30) minutes for lunch, regardless whether the Plaintiff was relieved of work duties during the thirty (30) minutes. (Compl. ¶ 11.) For relief, Plaintiff requests unpaid overtime, liquidated damages, and attorneys fees and costs pursuant to the FLSA. (Compl. ¶ 15.)

On July 14, 2006, Plaintiff filed the instant Motion, asking the Court to provide supervised notice to similarly situated plaintiffs of their opt-in rights pursuant to the FLSA. Plaintiffs defined this class as all non-exempt employees employed during the period commencing three years prior to the filing of complaint until the present. In support of Plaintiff's claims, Plaintiff submits three affidavits in conjunction with her motion: her own as well two affidavits of former non-exempt employees of Defendant, Patricia Scagnoli and Rebecca Hartley, who worked at the Center during the specified three year period. Both Patricia Scagnoli and Rebecca Hartley filed Notices of Consent

to Become a Party Plaintiff. (DE 17 & 20.) Arthur Collins also filed his Notice to Consent to Become a Party Plaintiff (DE17), but waited to file his affidavit with Plaintiff's reply, along with a second affidavit from Rebecca Hartley. The affidavits catalogue the employees' range of overlapping duties, including administering medicines, laundering linens, answering the telephones, filling out paperwork, and maintaining the office equipment and supplies.

All five of the affidavits articulate the same allegations contained in Plaintiff's Complaint, namely, that the Center had a policy to deduct thirty minutes for lunch breaks, regardless of whether an employee took a thirty minute break, and the Center did not pay overtime compensation for hours worked in excess of forty hours.[1] All five stressed their belief that there are other individuals who would desire to opt-in to the lawsuit if provided notice. Plaintiff contends that these affidavits, along with the allegations in the complaint, are sufficient to meet the burden requiring Plaintiff to show that there are additional similarly situated individual who may opt into Plaintiff's action.

In response, Defendant argues that Plaintiff has not established that there are other opt-in Plaintiffs. Defendant cites to the low number of affidavits submitted by opt-ins (2)[2] and emphasizes that they do not present any evidence that other individuals would opt in - the individuals only assert their 'belief' that there are others. Defendant also argues that the putative plaintiffs are not similarly situated because all of the

---

[1] While the affidavits of Carmody and Scagnoli allege this both as a general policy and as applied to them personally, Hartely only alleges that she personally was not paid overtime hours and she believed other employees had been denied overtime pay as well.

[2] Only two affidavits were filed by opt-in Plaintiffs at the time of Plaintiff's Motion.

prospective plaintiffs did not work in the same building,[3] did not work in the same departments, and did not have the same job title and responsibilities.  Further, Defendant contends that Plaintiff failed to demonstrate that the putative class members were subject to the same company policy, claiming that the affidavits alleging the lunch deduction policy are devoid of any evidence of such a policy.  Finally, Defendant attaches its own affidavits, arguing that Plaintiffs' allegations are false and that the Plaintiffs themselves are responsible for any miscalculation in their lunch time computation.  In the alternative, Defendant proposes changes to the proposed notice to be sent to putative plaintiffs.

In reply, Plaintiff argues that they have satisfied the lenient standard requiring Plaintiff to show the existence of other opt-in Plaintiffs.  The statements in the affidavits declaring the belief that others would opt-in qualify as personal knowledge and the former employees' familiarity with Defendant's practices provide sufficient evidence at this stage to suggest that other employees suffered these same deficient practices and would choose to join the action.[4]  Plaintiff dispenses with the similarly situated argument by elucidating the similarities between the putative plaintiffs: their duties are similar, all non-exempt employees work at the same facility and interact frequently within the four buildings comprising the faciilty, and all are subject to the same Adminsitrator that executes the payroll and overtime decisions.  Further, Plaintiff points out that the

---

[3]      Defendants argue that the opt-in Plaintiffs worked in four different buildings.

[4]      Plaintiff also attaches to the reply the affidavit of Arthur Collins who sent a notice to opt-in on June 5, 2006, and the second affidavit of Rebecca Hartley.  Both affidavits support and further develop the prior affidavits.

affidavits and Complaint all allege that Defendant carried out policies which resulted in the failure to pay non-exempt employees for overtime and automatically deducted thirty minutes for lunch. The Court is persuaded by Plaintiff's argument.

## II.     Discussion

The FLSA provides that an action for overtime compensation "may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The Eleventh Circuit Court of Appeals has outlined a two-tiered procedure to guide district courts in deciding whether plaintiffs are "similarly situated" for purposes of class certification under § 216(b). *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003) ("*Hipp* outlined a two-tiered procedure that district courts should use in certifying collective actions under § 216(b) . . ."). At the "notice stage" of the two-tiered procedure, a court's determination is "usually based only on the pleadings and any affidavits which have been submitted." *Hipp*, 252 F.3d at 1218 (quoting *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir.1995). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id*. The second stage of the two-tiered procedure usually occurs at the end of discovery upon the defendant's motion for decertification of the class. *Hipp*, 252 F.3d at 1218. At the second stage, the court has much more information on which to base its decision and makes a factual determination on the similarly situated question. *Id*.

Following the Eleventh Circuit's directive, this Court will consider Plaintiffs' request for court-supervised notification under the first stage of the two-tiered procedure outlined in *Hipp*. This case is at an early stage of litigation before the parties have had engaged in substantial discovery, and thus a factual determination on the similarly situated question is not appropriate at this time. C.f. Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265, 1274 (M.D. Ala. 2004) (applying a stricter standard in ruling on plaintiff's motion for court-facilitated notice because the parties presented extensive evidence on the issue of whether the putative class members were similarly situated). Hence, the Court will look to the filings, declarations, and affidavits on record to determine whether there are substantial allegations showing that the named Plaintiffs are similarly situated to the putative class members.[5] *Bell v. Mynt Entertainment, LLC*, 223 F.R.D. 680, 683 (S.D. Fla. 2004) (plaintiffs meet their burden by making substantial allegations supported by affidavits which successfully engage defendant's affidavits to the contrary, and demonstrate the existence of similarly situated employees who may desire to opt in to the action); *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521, 2005 WL 84500, at *3 (S.D. Fla. 2005).

Plaintiff's evidence, consisting of the Complaint, Party Plaintiff notices, and sworn affidavits are sufficient to satisfy the first tier analysis articulated in *Hipp* and warrant a conditional certification of a representative class. Paramount to this determination are the affidavits, notices, and pleadings on which the Court is obligated to base its decision. The Plaintiff and three opt-in Plaintiffs all allege in their affidavits

that Defendant failed to pay non-exempt employees for overtime pay and pursued a policy of deducting thirty minutes from lunch irrespective of whether the employee actually took a lunch break. All uniformly allege personal violations consistent with these policies. These affidavits also emphatically address the existence of other non-exempt employees at the Center that would opt-in if given the opportunity: "I believe there are many others who worked in excess of their actual paid hours with Defendant and those employees would be more apt to file a claim for overtime under the Court's supervision." (Affidavit of Rebecca Carmody ¶ 9.)  The filing of three opt-in notices provides strong evidence that others desire to join the class. Finally, the putative plaintiffs are similar in that they are all non-exempt employees working at the Center, performing similar tasks, and suffering from the same alleged payment practices.

      Defendant's arguments to the contrary are unavailing. Defendant would have the Court indulge in a fact finding determination on the merits of whether the alleged payment practices took place and whether the putative plaintiffs conclusively are similarly situated. Neither of these determinations are proper at this point; the Plaintiff's complaint, motion, and suppporting affidavits all allege facts sufficient to satisfy the Court's inquiry at this early stage of the litigation. Leuthold v. Destination America, 224 F.R.D. 462, 468  (N.D. Cal. 2004) ("Defendants' arguments in their opposition brief focus on the more stringent second tier analysis and raise issues that may be more appropriately addressed on a motion for decertification after notice is given to the proposed class."); Goldman v. Radioshack Corp., No. Civ.A. 2:03-CV-032, 2003 WL 21250571, at *8 (E.D. Pa. April 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant.");

7

Felix De Asencio v. Tyson Foods, Inc., 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) ("While this information [submitted by Defendant] may play a more significant role after discovery and during an analysis of the second and final similarly situated tier, Plaintiffs have advanced sufficient evidence to meet their low burden at this first tier of the similarly situated question.").

Accordingly, the Court concludes that Plaintiff has demonstrated that the Plaintiff is "similarly situated" to other non-exempt employees at the Center who were denied overtime compensation during the three year time period prior to September 14, 2005, and that Plaintiff has shown that other individuals desire to opt-in this action. Also, after reviewing both Plaintiff's and Defendant's proposed notice form, the Court has created the finalized notice form to be sent out to putative plaintiffs. Putative plaintiffs will have forty five (45) days to opt-in after receiving the notice. The Court approves the consent form submitted by Arthur Collins on June 5, 2006 (DE 17) to be used as the standard consent form by other opt-in plaintiffs.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's Motion to Permit Court-Supervised Notification Pursuant to 29 U.S.C. § 216(b), filed July 14, 2006, (DE 21) is **GRANTED.** On or before November 13, 2006,Center shall produce a list of names and addresses of non-exempt employess at Center three years prior to the filing of the lawsuit, September 14, 2005.

2) Plaintiffs are authorized to give notice of this lawsuit to all non-exempt employees, employed during the period commencing three years prior to

the filing of this lawsuit and not paid one and one-half times their regular rate of pay as required by the FLSA, in the finalized notice form prepared by this Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of November, 2006.

                                                          _____
                                                          KENNETH A. MARRA
                                                          United States District Judge

Copies furnished to:
All counsel of record
Magistrate Judge Barry S. Seltzer